UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICHOLAS TRAINA,<br><br>Defendant. | Criminal Action No. 24-324 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 23, 2025)

**I.**

The Government charged Defendant Nicholas Traina by information with five misdemeanor counts for his alleged conduct during the riot at the United States Capitol on January 6, 2021. *See* Information, ECF No. 13. The information charges Traina with:

- Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

- Entering or Remaining in a Room in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C)(i);

- Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and

- Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

*Id.* Traina has pled not guilty to these charges. *See* Min. Order (July 23, 2024). A jury trial is scheduled to begin on July 14, 2025. *See* Am. Pretrial Scheduling Order, ECF No. 39.

On January 21, 2025, the Government moved to dismiss the information against Traina "with prejudice" under Federal Rule of Criminal Procedure 48(a). Gov't's Mot. to Dismiss, ECF No. 41. Traina does not object to the relief requested in this motion. Def.'s Resp. to Court's

1

Minute Order, ECF No. 42. As the "reason for this dismissal," the Government cites an as-yet unnumbered presidential Proclamation titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." Gov't's Mot. to Dismiss at 1. That Proclamation, in relevant part, "direct[s] the Attorney General to pursue dismissal with prejudice to the Government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S.

Rule 48(a) allows the Government, "with leave of court" to "dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Court must therefore decide whether to grant its leave to dismiss this case. *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that the "requirement of judicial leave" in Rule 48 "gives the court a role in dismissals following indictment," even when "the defendant concurs in this dismissal"); *United States v. Flynn*, 507 F. Supp. 3d 116, 126–31 (D.D.C. 2020) (EGS) (analyzing the scope of a trial court's discretion under Rule 48(a)); *see also Rinaldi*, 434 U.S. at 30 n.15 (noting that Rule 48 "obviously vest[s] some discretion in the court" without deciding whether that discretion extends to cases in which the defendant consents to dismissal). To inform this analysis, the Court may "require a statement of reasons and underlying factual basis" for the Government's motion to dismiss. *See Ammidown*, 497 F.2d at 620.

Here, the Government's only stated reason for pursuing dismissal with prejudice is that the President has ordered the Attorney General to do so. *See* Gov't's Mot. (citing Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S). The Court does not discern—and neither party has identified—any defect in either the legal merits of, or the

factual basis for, the Government's case that would require dismissal. But recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," the Court shall not require a further explanation here. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

## II.

Dismissals of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021. What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens. Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

What role law enforcement played that day and the heroism of each officer who responded also cannot be altered or ignored. Present that day were police officers from the U.S. Capitol Police and those who came to their aid when called: the D.C. Metropolitan Police Department, Montgomery County Police Department, Prince George's County Police Department, Arlington County Police Department, and Fairfax County Police Department. Grossly outnumbered, those law enforcement officers acted valiantly to protect the Members of Congress, their staff, the Vice President and his family, the integrity of the Capitol grounds, and the Capitol Building—our symbol of liberty and a symbol of democratic rule around the world. For hours, those officers were aggressively confronted and violently assaulted. More than 140 officers were injured. Others tragically passed away as a result of the events of that day. But law enforcement did not falter. Standing with bear spray streaming down their faces, those officers carried out their duty to protect.

3

All of what I have described has been recorded for posterity, ensuring that what transpired on January 6, 2021 can be judged accurately in the future.

### III.

For the foregoing reasons, it is hereby **ORDERED** that:

- The Government's [41] Motion to Dismiss is **GRANTED**;

- The [13] Information is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Criminal Procedure 48(a);

- The [9] Order Setting Conditions of Release is **VACATED**;

- All scheduled proceedings and deadlines in this matter, including the status hearing set for June 6, 2025, the pretrial conference set for July 11, 2025, and the jury trial set to begin on July 24, 2025, are **VACATED**; and

- All pending motions are **DENIED AS MOOT**.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:** January 23, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge